UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN ROBERTSON, | ) |
| Plaintiff, | ) |
| vs. | ) CV 03-B-1425-S |
| BOARD OF TRUSTEES FOR THE UNIVERSITY OF ALABAMA AT BIRMINGHAM, | ) |
| Defendant. | ) |

**ENTERED**
JAN 2 0 2004

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary Judgment, (doc. 7); plaintiff's Motion to Amend, (doc. 8); and plaintiff's Motion to Stay Summary Judgment Ruling,[1] (doc. 12). Plaintiff Brian Robertson has sued his former employer, defendant Board of Trustees for the University of Alabama at Birmingham, alleging that defendant discriminated against him on the basis of his race and his sex, and in retaliation for his engaging in protected activity. (Doc. 1.) Plaintiff's asserts claims pursuant to Title VII as well as 28 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment, through 28 U.S.C. § 1983. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 7), is due to be granted in part and denied

---

[1]Plaintiff's Motion to Stay Summary Judgment Ruling Until the Completion of Discovery is directed only to her Title VII claims. (*See* doc. 8 ¶ 3.)



in part; plaintiff's Motion to Amend, (doc. 8), is due to be granted; and plaintiff's Motion to Stay Summary Judgment Ruling is due to be granted.

**DISCUSSION**

**A. TITLE VII CLAIMS**

Plaintiff alleges that defendant discriminated against him on the basis of his race and his sex, and that it retaliated against him for engaging in protected activity. Plaintiff was notified on April 18, 2002 that defendant was terminating him. He filed his Charge of Discrimination with the EEOC on March 4, 2003, which is more than 180 days after the adverse employment decision. Defendant contends that plaintiff's Title VII are due to be dismissed for failure to file a timely EEOC charge. Plaintiff contends that the time for filing his EEOC charge should be equitably tolled[2] because Anita Bonasera, an employee in

---

[2]The court notes that the Seventh Circuit distinguishes equitable tolling, which is "appropriate when the plaintiff, despite all due diligence is unable to obtain vital information bearing on the existence of his claim" and equitable estoppel, which, "[i]n the context of statutes of limitation, . . . comes into play when a defendant takes active steps to prevent a plaintiff from suing on time." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (7th Cir. 1995)(citing *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135-37 (7th Cir. 1994))(internal citations and quotations omitted). The Eleventh Circuit does not make such a distinction. *See Manning v. Carlin*, 786 F.2d 1108, 1109 (11th 1986)("In *Chappell v. Emco Machine Works Company*, 601 F.2d 1295 (5th Cir. 1979), the court suggested that the jurisdictional requirement of exhaustion of administrative remedies in a Title VII case might be subject to 'equitable modification.' In summarizing the situations in which equitable tolling of the limitations period under Title VII would be appropriate, however, the court found only three categories. The categories included: situations in which an action was pending before a state court, situations in which the defendant had concealed facts supporting a cause of action under Title VII, and ***situations in which the plaintiff was mislead by the defendant about the nature of his rights under Title VII***.")(emphasis added).

defendant's Human Resources Department, told him that he could not file an EEOC charge until he had exhausted defendant's grievance procedures. Plaintiff has also asked the court to stay ruling on defendant's Motion for Summary Judgment until he has had an opportunity to conduct discovery.

The law is well established that pursuit of a remedy through an established company grievance procedure does not toll Title VII time limitations. *Stafford v. Muscogee County Bd. of Educ.*, 688 F.2d 1383, 1388 (11th Cir. 1982)("The Supreme Court has squarely rejected the argument that Title VII time limitations should be tolled during the pendency of contractual grievance proceedings." (citing *Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980); *International Union of Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 236-40 (1976)). However, the Supreme Court has noted that, in situations where defendant's "***affirmative misconduct*** . . . lulled the plaintiff into inaction," the time limitations for filing an EEOC charge should be tolled. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)(citing *Villasenor v. Lockheed Aircraft*, 640 F.2d 207 (9th Cir. 1981))(emphasis added); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)("We have allowed equitable tolling in situations . . . where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). The Supreme Court, in *Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231 (1959), *cited in Irwin*, 498 U.S. at 96 n.4, held:

---

> As Mr. Justice Miller expressed it in *Insurance Co. v. Wilkinson*, 13 Wall. 222, 233, 20 L. Ed. 617, "The principle is that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage. And . . . the general doctrine is well understood and is applied by courts of law as well as equity where the technical advantage thus obtained is set up and relied on to defeat the ends of justice or establish a dishonest claim."
>
> . . . Despite the delay in filing his suit petitioner is entitled to have his cause tried on the merits if he can prove that respondent's responsible agents, agents with some authority in the particular matter, conducted themselves in such a way that petitioner was justifiably misled into a good-faith belief that he could begin his action [after the statute of limitations had run].

*Glus*, 359 U.S. at 233-35.

Thus, the court finds that plaintiff should be given the opportunity to conduct discovery as to the issues of (1) whether Bonasera is an agent of defendant with some authority in EEOC matters, and (2) whether her statement to him, if proven to have been made, is affirmative misconduct such that plaintiff was justifiably misled into believing that he must exhaust defendant's grievance procedures before he could file his EEOC charge. The court notes, however, that Bonasera's misconduct will not toll the time for filing if plaintiff did not act diligently; plaintiff is required to demonstrate that he proceeded with diligence in order to ask the court to equitably toll the time limitations for filing a charge of discrimination. *See Baldwin County Welcome Center*, 466 U.S. at 151("One who fails to act diligently cannot invoke equitable principals to excuse that lack of diligence.").

Therefore, as to plaintiff's Title VII claims, plaintiff's Motion to Stay is due to be granted and defendant's Motion for Summary Judgment is due to be denied, without prejudice to defendant's right to move for summary judgment after a reasonable time for discovery.

### B. § 1983 Claims – Equal Protection Clause and § 1981.

Plaintiff claims money damages and retrospective injunctive relief of reinstatement and back pay. Defendant contends that these claims against it are barred by the Eleventh Amendment. The court agrees. *See Green v. Mansour*, 474 U.S. 64, 67-68 (1985).

Plaintiff does not oppose the Motion for Summary Judgment as to these claims against defendant. (Pl. Amended Br. in Opp. to Mot. for Summ. J. at 2 n.8.) However, he has asked the court for permission to file an Amended Complaint, asserting these claims against individual state officials. As no scheduling order has been entered in this case and because such claims are still timely, plaintiff's Motion to Amend Complaint is due to be granted.

Based on the foregoing, and defendant's Motion for Summary Judgment as to plaintiff's § 1983 claims, Counts III, IV, and V, is due to be granted and such claims are due to be dismissed, and plaintiff's Motion to Amend is due to be granted.

### CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law as to plaintiff's § 1983 claims. Therefore, defendant's Motion for Summary Judgment as to plaintiff's § 1983 claims

is due to be granted, and such claims are due to be dismissed. Defendant's Motion for Summary Judgment as to plaintiff's Title VII claims is due to be denied; plaintiff's Motion to Stay Summary Judgment Ruling as to her Title VII claims is due to be granted. Plaintiff's Motion to Amend her Complaint is due to be granted. An order granting in part and denying in part defendant's Motion for Summary Judgment, granting plaintiff's Motion to Summary Judgment Ruling as to her Title VII claims, and granting plaintiff's Motion to Amend Complaint will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 20th day of January, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge

6